IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Matthew W. Baker, | ) Civil Action No.8:06-3246-JFA-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Scott Bodiford, Jail Administrator, | ) |
| Greenville County Detention Center; | ) |
| Dr. Sherman; Head Nurse Tracy | ) |
| Crein; and Nurse Thomas, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on November 17, 2006, seeking damages for alleged civil rights violations. On February 16, 2007, the defendants filed a motion for summary judgment. By order filed February 20, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On March 20, 2007, the plaintiff filed his response opposing the motion. On March 28, the defendants filed a reply.

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific,

material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

The plaintiff alleges that due to overcrowded conditions at the Greenville County Detention Center ("GCDC"), he tripped over two "Stack-a-Bunks" and fell against a steel bed and broke his ankle. (Compl. at 3.) He alleges that, despite several requests, the defendants did not timely provide him with adequate medical care for his broken ankle. (*Id.*) Specifically, he alleges that he broke his ankle on August 24, 2006, and did not see a doctor until October 12, 2006.

The plaintiff alleges claims of deliberate indifference to medical needs, cruel and unusual punishment, and overcrowding. (Compl. at 2.) He is seeking injunctive relief, and actual and punitive damages. (Compl. at 5.)

**Injunctive Relief**

As noted above, the plaintiff is seeking injunctive relief and damages. However, the Court notes that the plaintiff was recently released from the GCDC, (see Docket # 17 - Change of Address), and his release limits the relief available to him. "To be justiciable

under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual . . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 694 (4th Cir. 1983). Generally, claims for injunctive relief become moot when a prisoner no longer is subject to the conditions of which he complains. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Thus, once an inmate is released from custody, "there is no longer'. . . a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977). As the plaintiff has been released from the GCDC, his requests for injunctive relief are now moot. The plaintiff's entire case, however, is not mooted because he also seeks money damages. *Williams*, 952 F.2d at 823.

**Exhaustion of Administrative Remedies**

The defendants contend the plaintiff has not exhausted his administrative remedies. The undersigned agrees as to two of the plaintiff's claims. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a §1983 action concerning his confinement. Specifically, 42 U.S.C.A. §1997(e) of the PLRA states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted.

In *Porter v. Nussle*, 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.

In his complaint, the plaintiff refers to five inmate request forms, or grievances, which he attached to his complaint. The plaintiff also attached a fifth grievance to his memorandum opposing the defendants' summary judgment motion. (Pl.'s Mem. Opp. Summ. J. Attach.) After reviewing these grievances, the undersigned concludes that the plaintiff has failed to exhaust his administrative remedies for two of his claims: his claims of overcrowding and cruel and unusual punishment.

In his first grievance, dated on September 21, 2006, the plaintiff complained about waiting one month for a doctor's appointment. (Compl. Ex. 1.) In his second grievance dated October 11, 2006, the plaintiff noted that a doctor's appointment had been set and requested support shoes for his feet. (Compl. Ex. 2.) The record shows that on October 12, 2006, the plaintiff was seen by Dr. Sherman and he complained of left heel pain. (Defs.' Mem. Supp. Summ. J. Ex. 2 - Pl.'s Medical Records at 9.) Dr. Sherman noted that the plaintiff stated he had fractured his left heel in a horse accident one and one half months prior to his admission to the GCDC. (*Id.*) Dr. Sherman referred the plaintiff to the Orthopedic Clinic at the Greenville Hospital System and an appointment was made for December 1, 2006. (*Id.*) On October 13, 2006, an order for Special Instructions was issued which allowed the plaintiff to wear his own shoes.

In his third grievance, dated October 15, 2006, the plaintiff complained about not having the proper paperwork to be able to wear his own shoes. (Compl. Ex. 3.) In his fourth complaint, dated October 22, 2006, the plaintiff complained that his ankle had not been X-rayed and he requested a cast. (Compl. Ex. 4.) On November 9, 2006, the plaintiff filed another grievance in which he claimed that he had not received any medical treatment. (Compl. Ex. 5.) On November 16, 2006, the plaintiff filed another grievance again alleging he had not received any medical care. (Pl.'s Mem. Opp. Summ. J. Attach.2.)

The Court notes that all of these grievances were filed prior to the plaintiff's appointment with the orthopedist on December 1, 2006, and furthermore none of the plaintiff's grievances raised the issues of overcrowding or cruel and unusual punishment. However, the undersigned concludes the plaintiff did exhaust his medical indifference claim.[1] Accordingly, the defendants should be granted summary judgment on the plaintiff's claims of overcrowding and cruel and unusual punishment because the plaintiff failed to exhaust these claims.

**Deliberate Indifference to Medical Needs**[2]

---

[1] However, it appears that the plaintiff exhausted a medical indifference claim, but only in regard to a delay in medical treatment as discussed later in this report.

[2] The court notes that the plaintiff was a pretrial detainee at the time of the alleged constitutional violations. Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.,* 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth

The plaintiff alleges the defendants were deliberately indifferent to his medical needs. The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104.

"Deliberate indifference is a very high standard. In *Miltier*, the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." 896 F.2d at 851. Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. 104; *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the

---

Amendment (deliberate indifference to a serious medical need). *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (citing *Estelle*, 429 U.S. 97).

inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F.Supp. 1025, 1037 (E.D.Va. 1995) (quoting *Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee a prisoner receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F.Supp. 326 (S.D.Ga. 1994). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975).

With these principles in mind, the undersigned turns to the record currently before the court. On August 20, 2006, the plaintiff underwent an initial medical screening when he entered the GCDC. (Defs.' Mem. Supp. Summ. J. Ex. 2 - Krein Aff. ¶ 2.) In his Inmate Medical Request Form dated August 25, 2006, the plaintiff states "I broke my anckel [sic] 2 months ago and fell out of bed while I was here. . . . " (Defs.' Mem. Supp. Summ. J. Ex. 2 - Pl.'s Medical Records at 11.) On September 19, 2006, he was screened and cleared for work. (Defs.' Mem. Supp. Summ. J. Ex. 2 - Krein Aff. ¶ 2.) He stated that he was not taking any medication, had no medical problems, and no complaints of pain or special needs. (*Id.*) The plaintiff noted that he had "Arthritis/Joint" problems in his ankle. (*Id.*) In his grievance dated October 11, 2006, the plaintiff requested his shoes to support his broken ankle. (Compl. Ex. 2.)

8

As noted above, the plaintiff was seen the next day, October 12th, by Dr. Sherman. (Defs.' Mem. Supp. Summ. J. Ex. 2 - Pl.'s Medical Records at 9.)  Dr. Sherman noted that the plaintiff stated he had fractured his left heel in a horse accident one and one half months prior to his admission to the GCDC.  (*Id.*)  Dr. Sherman referred the plaintiff to the Orthopedic Clinic at the Greenville Hospital System and an appointment was made for December 1, 2006.[3]   (*Id.*)  On October 13, 2006, an order for Special Instructions was issued which allowed the plaintiff to wear his own shoes.  (Defs.' Mem. Supp. Summ. J. Ex. - Pl.'s Medical Records at 7.)  In his October 15th grievance, the plaintiff stated that he really wanted a "boot cast" rather than his shoes.  (Pl.'s Mem. Opp. Summ. J. at 4 - Response to Krein Aff.)

At his December 1, 2006 appointment with the orthopedist, the plaintiff complained of intermittent pain and denied any instability, locking, numbness, or paresthesias in his ankle.  (Defs.' Mem. Supp. Summ. J. Ex. 2 - Pl.'s Orthopedic Records at 5.)  The orthopedist noted no swelling, no tenderness to palpation, and that the plaintiff was able to walk on his heels and toes without difficulty.  (*Id.*)  The doctor noted that the X-rays did not show any new or old bony abnormalities and no fracture.  (*Id.*)  The plaintiff was diagnosed with a probable ankle sprain and told to perform exercises and take Tylenol for pain as needed.  (*Id.*)

---

[3] Apparently, the plaintiff was originally scheduled to see the orthopedist on October 19, 2006, but that appointment had to be re-scheduled due to some confusion regarding the plaintiff's social security number.  (*See* Compl. at 3; Pl.'s Mem. Opp. Summ. J. Ex. 1.)

Clearly, the record shows the plaintiff received medical treatment while in the GCDC. To the extent that the plaintiff disagreed with the diagnosis, his complaint sounds of medical negligence, which is not actionable under 42 U.S.C. § 1983. *Miltier*, 896 F.2d at 851 (holding for plaintiff to succeed on medical indifference claim, treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness . . . mere negligence or malpractice does not violate the Eighth Amendment."). At best, the plaintiff's claim could be construed as a claim that the defendants delayed getting him the appropriate medical treatment. Assuming there was a delay, "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994). The plaintiff has failed to allege how any such delay resulted in a detrimental effect, let alone placed any medical evidence in the record to support such a claim. Accordingly, the plaintiff's medical indifference claim should be dismissed.

Alternatively, as to the plaintiff's claims of medical indifference against defendant Bedford, these claims should be dismissed. The Fourth Circuit has held that to bring a medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier*, 896 F.2d at 848. Prison personnel may rely on the opinion

10

of the medical staff as to the proper course of treatment. *Id*.

Furthermore, to the extent the plaintiff could rely on the doctrine of supervisory liability, the plaintiff has failed to make any showing of supervisory liability. In a §1983 action, "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of respondeat superior, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Id.* at 854 (citation omitted). The plaintiff must demonstrate that the prisoner faces a pervasive and unreasonable risk of harm from some specified source, and that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices. *Id. See also Moore v. Winebrenner,* 927 F.2d 1312 (4th Cir. 1991); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). The plaintiff has also failed to allege any such acts on behalf of defendant Bedford. Accordingly, the plaintiff has not alleged facts stating any claim actionable under § 1983 regarding his course of medical treatment against the defendant Bedford and thus he should be dismissed.

**State Law Claims**

To the extent that the plaintiff's complaint states additional claims under state law, (i.e. medical malpractice or negligence), the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (# 10) be GRANTED and the Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>United States Magistrate Judge

July 3, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).