IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Matthew W. Baker, ) | C/A No. 8:06-3246-JFA-BHH |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Scott Bodiford, Jail Administrator, Greenville ) | |
| County Detention Center; Dr. Sherman; ) | |
| Head Nurse Tracey Crein; and Nurse Thomas ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Matthew W. Baker, was a pretrial detainee[1] at the Greenville County Detention Center (GCDC) when the events giving rise to this case occurred. He brings this action pursuant to 42 U.S.C. § 1983 alleging claims of deliberate indifference to medical needs, cruel and unusual punishment, and overcrowding. Specifically, the plaintiff contends that while housed at the GCDC, he tripped and broke his ankle and the defendants did not provide him with adequate medical care. He seeks injunctive relief and damages.

The Magistrate Judge has prepared a detailed Report and Recommendation[2]

---

[1] The plaintiff notified the court on May 9, 2007 that was released from the Greenville County Detention Center.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions

1

suggesting that defendants' motion for summary judgment[3] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on July 3, 2007. However, the plaintiff has not filed any objections to the Report within the time limits prescribed by the federal rules.

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court agrees with the Magistrate Judge's recommendation and incorporates the Report herein by reference.

Accordingly, the defendants' motion for summary judgment is granted on the plaintiff's claim of deliberate indifference to medical needs. Plaintiff's request for injunctive relief is moot as the plaintiff is no longer incarcerated. Plaintiff's claims of overcrowding and cruel and unusual punishment are dismissed without prejudice for his failure to exhaust his administrative remedies. Finally, the court declines to exercise supplemental jurisdiction over his state law claims.

---

of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[3] The defendants filed a motion for summary judgment. Accordingly, an order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

July 26, 2007
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge